GARRISON, Judge.
On February 8, 1984, plaintiff, Cheryl Knighten, was dismissed from employment with the New Orleans Police Department. This dismissal was the result of a hearing held on February 2, 1984 at which the plaintiff was found to have been in neglect of her duties as a police officer. Shortly after her dismissal, the plaintiff appealed to the Civil Service Commission alleging that the termination of her employment with the police department was arbitrary, unreasonable and without basis in fact or law. The police department responded by filing an exception of no cause of action in which they argued that the plaintiff did not have a right to appeal because she was only a probationary employee at the time of her dismissal. The Civil Service Commission maintained this exception and dismissed the plaintiff’s appeal. Plaintiff now appeals this decision and asks this court to require the Civil Service Commission to hear the merits of her case.
The sole issue in this case is whether or not plaintiff was still a probationary employee of the police department at the time of her dismissal. A new police officer is subject to a probationary period of one year known as the working test period. At any time after the first two months of this year, the employee may be removed by the appointing authority if the working test indicates that (1) the employee is unable or unwilling to perform his duties satisfactorily, or (2) his habits and dependability do not merit his continuance in the service. Civil Service Commission Rules for the City of New Orleans, Rule VII, Section 1.1.
Although Cheryl Knighten was officially appointed as a police officer on February 20, 1983 following her graduation from the police academy on February 18, 1983, she alleges that she officially began her full duties as a police officer on February 5, 1983 due to the City’s need for additional police officers during the Mardi Gras season. Because the plaintiff was disciplined on February 7, 1984, and dismissed on February 8,1984, the determination of whether her employment began on February 5, 1983
*455 or February 20, 1983 is crucial to her case due to the one year probationary period.
In light of the fact that evidence may exist which indicates that the plaintiff was not a probationary employee at the time of her dismissal, we conclude that the defendant’s exception of no cause of‘action should not have been granted by the Civil Service Commission. Accordingly, we reverse the decision dismissing plaintiff’s appeal and we remand this ease to the Civil Service Commission for an evidentiary hearing on the merits. REVERSED AND REMANDED.
WILLIAMS, Judge, dissenting.
I respectfully dissent.
This court is empowered to consider only the evidence contained in the record. The record clearly shows that Cheryl Knighten was correctly dismissed within one year of her appointment as a police officer; therefore, the exception should be upheld.